IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Case No. 5:23-cv-00423-D-RN

STRIKE 3 HOLDINGS, LLC, )
)
    Plaintiff, )
)
v. )
)
JOHN DOE subscriber assigned IP address )
98.122.169.54, )
)
    Defendant. )
_____ )

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF ITS FIRST AMENDED COMPLAINT, PROPOSED SUMMONS AND RETURN OF SERVICE UNDER SEAL

A party may file a motion to seal with this Court pursuant to the requirements of Local 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That section of the Policy Manual requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

    i. the exact document or item, or portions thereof, for which filing under seal is requested;
    ii. how such request to seal overcomes the common law or the First Amendment presumption to access;
    iii. the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
    iv. the reasons why alternatives to sealing are inadequate; and
    v. whether there is consent to the motion.

Policy Manual, Section V.G. The Policy Manual also requires that any proposed order accompanying a motion to seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Plaintiff has met the requirements set forth in the Policy Manual, and that the Amended Complaint, proposed summons, and return of service shall be held under seal until further order from this Court.

1

The material to be sealed is the Amended Complaint, proposed summons and return of service.

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir.1988). In this instance, the common law right of access applies; however, the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of this Court. *Virginia Dep't of State Police v. Washington Post*, 386 F .3d 567, 575 (4th Cir.2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Upon review of Plaintiff's Motion and in evaluating the balance of interests in public access, the Court, at this time, has not been presented with any legitimate public need for access to Defendant's identifying information. The Defendant's name and identifying information are not currently public record, and there is simply no legitimate public need for access to Defendant's identifying information at this stage in this proceeding. If a public need for access were presented, the public can be provided access through the filing of a redacted FAC, which Plaintiff proposes.

2

With the availability of the redacted FAC, the public is not denied access to all the pleadings, and a justifiable alternative has been implemented.

Finally, there is good cause for such a protective order, even on a temporary basis. Defendant is not a party to the litigation and will not be until the FAC is filed and the summons is executed and returned (or waived). Yet the very act of publishing the unredacted FAC and summons will reveal Defendant's identity. Defendant is not charged with defending himself or applying for a protective order (and making the requisite showing) until summons is perfected. Plaintiff *cannot* carry Defendant's burden on the motion to seal simply because it does not know the facts of his personal life. Thus, at the least, a sealing order acts as a stopgap giving Defendant the opportunity to seek counsel and/or a similar protective order from the Court.

Based upon the foregoing, it is therefore ORDERED that the Amended Complaint shall be filed under seal with this Court in accordance with Local Rule 79.2. Accordingly, Plaintiff's Motion for Leave to File Unredacted Versions of its First Amended Complaint, Proposed Summons, and Return of Service Under Seal, and the Court being duly advised in the premises does hereby:

**ORDER AND ADJUDGE:** Plaintiff's Motion to Seal is granted, and it is hereby **ORDERED** that that the Amended Complaint be filed under seal and to allow access to the non-confidential information in the Amended Complaint, Plaintiff shall file an appropriately redacted Amended Complaint redacting all non-public information within seven (7) days of this Order.

SO ORDERED. This the __27__ day of November, 2023.

JAMES C. DEVER III
United States District Judge